UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KLISMAN RRUKAJ,                              )
        Petitioner,                          )
                                             )          No. 1:26-cv-1282
v.                                           )
                                             )
                                             )          Honorable Paul L. Maloney
KEVIN RAYCRAFT, *et al.*,                     )
        Respondents.                         )
                                             )

## ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Petitioner's motion for a temporary restraining order ("TRO"). (ECF No. 8). Petitioner represents that he was detained on April 14, 2026, and that his removal to Albania is imminent. Petitioner explicitly wrote that he "is not challenging the execution of a removal order before this Court" in his initial petition. (ECF No. 4). In the present motion, Petitioner argues that his removal would cause irreparable harm by forcing him to wait out the processing of his applications for waivers in Albania rather than here, by mooting his challenge to his current detention, and by making litigation in other matters more difficult. He requests that the Court order that he not be removed from the United States. (ECF No. 8-2 at PageID.103). The Court is concerned that it lacks jurisdiction to consider a challenge to the decision to execute the final order of removal. *See* 8 U.S.C. § 1252(g); *Hamama v. Adducci*, 912 F.3d 869, 874-75 (6th Cir. 2018). Additionally, it is not clear that Petitioner would succeed on the merits even if the Court could reach them. The motion will be denied.

1

## I.

District courts may issue TROs at their discretion. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Under Rule 65, courts may issue TROs without notice to the adverse party only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts through an affidavit or a verified complaint showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). In addition, courts must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361 (quoting *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). The four factors "are not prerequisites that must be met, but are interrelated concerns that must be balanced together." *Ne. Ohio Coal.*, 467 F.3d at 1009.

## II.

On this record, it does not appear that Petitioner is likely to succeed on the merits. First, it is not clear that the Court may hear challenges to the government's decision to execute the removal order, regardless of the wisdom of doing so. *See* 8 U.S.C. § 1252(g); *Hamama*, 912 F.3d at 874-75. It is perhaps for this reason that Petitioner wrote that he was not challenging the removal order and that he was "not asking for a stay" in his reply brief.

(ECF No. 7 at PageID.86). Second, Petitioner's success on the merits arguments and irreparable harm arguments are self-defeating. In the likelihood of success section, Petitioner argues that he will be deprived of his right to file for certain waivers, (ECF No. 8 at PageID.93), but then in the irreparable harm section, argues that he will still be able to file for them, just in a different place, (*id.* at PageID.94). This suggests that the Due Process argument would fail for lack of a deprivation of a cognizable interest.

The Court does not seek to minimize the emotional and practical difficulties Petitioner's family may face in the wake of his removal to Albania. But Petitioner's irreparable harm arguments as presented focus on his ability to continue to seek waivers which he admits he may continue to seek, and his ability to continue litigation which he admits would be "severely hampered" but not eliminated entirely. (*Id.*). The Court is thus not convinced that this factor so overwhelmingly favors Petitioner as to outweigh the low chance of success on the merits.

The final factors, which merge with the government as the adverse party, *see Nken v. Holder*, 556 U.S. 418, 435 (2009), do not clearly favor Petitioner. Petitioner argues that the harm to the government must not be great if it failed to remove him for as long as it has. If Petitioner is unlikely to succeed on the merits, then there is nothing inherently against the public interest in the government executing a final order of removal. In the Court's judgment, Petitioner's arguments only mitigate the government's interests rather than establishing a counterweight to them.

## III.

Petitioner's request for a TRO (ECF No. 8) is **DENIED**. Petitioner is unlikely to succeed on the merits given the jurisdictional barriers to challenging an order of removal and the representations made to the Court about how the waiver processes work. While the Court recognizes the difficulties that Petitioner's family members may face in Petitioner's absence, the Court has not been presented with a sufficient basis to exercise the authority necessary to block Petitioner's removal.

**IT IS SO ORDERED.**

Date:   May 6, 2026                          /s/ Paul L. Maloney
                                            Paul L. Maloney
                                            United States District Judge