UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KLISMAN RRUKAJ,

                Petitioner,

v.

MARKWAYNE MULLIN et al.,

                Respondents.

_____/

Case No. 1:26-cv-1282

Honorable Paul L. Maloney

## **OPINION**

Petitioner, a former United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

### **Discussion**

### I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Corrected Pet., ECF No. 4, PageID.27.)

In an order entered on April 27, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response on April 30, 2026. (ECF

---

[1] Petitioner was one of thirteen petitioners named in the § 2241 petition. In an order entered on April 22, 2026, the Court severed the claims of the petitioners into thirteen separate actions. (Order, ECF No. 4.) Petitioner's claims proceed in the present action.

No. 6.) Petitioner filed a reply on May 5, 2026. (ECF No. 7.) On June 2, 2026, Respondents submitted a status report, which states that Petitioner was removed from the United States on May 6, 2026, and that Petitioner was no longer in the custody of Respondents. (Status Report., ECF No. 10, PageID.108; Warrant of Removal/Deportation, ECF No. 10-1, PageID.111.)

## II.    Factual Background

Petitioner is a native and citizen of Albania. (Corrected Pet., ECF No. 4, PageID.17; Notice to Appear (NTA), ECF No. 4-2, PageID.29.) On July 7, 2011, Department of Homeland Security (DHS) agents served Petitioner with a NTA and charging him with inadmissibility under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (NTA, ECF No. 4-2, PageID.29.)

On November 24, 2014, the immigration court ordered Petitioner removed. (Corrected Pet., ECF No. 4, PageID.18; Removal Order, ECF No. 6-4, PageID.60–67.) The Board of Immigration Appeals dismissed Petitioner's appeal on August 21, 2015.[2] (Corrected Pet., ECF No. 4, PageID.18; BIA Appeal, ECF No. 6-5, PageID.71–73.)

On April 14, 2026, DHS agents encountered and arrested Petitioner at a friend's home (Corrected Pet., ECF No. 4, PageID.19.) Petitioner was removed from the United States on May 6, 2026. (Warrant of Removal/Deportation, ECF No. 10-1, PageID.111.)

---

[2] For the purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals (BIA) affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Analysis

In Petitioner's § 2241 corrected petition, as relief, Petitioner asks the Court to order Respondents to release Petitioner from custody. (Corrected Pet., ECF No. 4, PageID.27.) After initiating this action, Petitioner was removed from the United States and is no longer in Respondents' custody. (Status Report, ECF No. 10, PageID.108; Warrant of Removal/Deportation, ECF No. 10-1, PageID.111.)

Because the relief sought in Petitioner's § 2241 petition relates to his detention, and he is no longer detained by Respondents, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.

### Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:    June 12, 2026                          /s/ Hala Y. Jarbou
                                                 HALA Y. JARBOU
                                                 For the Honorable Paul L. Maloney
                                                 United States District Judge

3